UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-60813-Civ-Cohn/Seltzer

SARAH M. POLLOCK,

    Plaintiff,

v.

SYNDICATED OFFICE SYSTEMS, INC.,
d/b/a CENTRAL FINANCIAL CONTROL,

    Defendant.
_____/

## ORDER GRANTING IN PART MOTION FOR ENTRY OF FINAL JUDGMENT
## ORDER DISMISSING TCPA CLAIMS WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Final Judgment [DE 26], Defendant's Memorandum in Opposition to Plaintiff's Motion [DE 29], Plaintiff's Notice of Acceptance of Defendant's Offer of Judgment [DE 25], and Defendant's two Rule 68 Offers of Judgment [DE 25-1 and 25-2].  The Court has carefully considered all of the filings and is otherwise fully advised in the premises.  No reply was filed by Plaintiff in support of her motion by the deadline of January 4, 2010.

### I.  BACKGROUND

Plaintiff Sarah Pollock ("Plaintiff") filed a six count complaint against Defendant Syndicated Office Systems, Inc. ("Defendant") alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA") in Counts I and II, violations of the Florida Consumer Collection Practices Act ("FCCPA") in Counts III and IV, violations of the Telephone

Consumer Protection Act ("TCPA") in Count V, and sought declaratory and injunctive relief pursuant to both the FCCPA and TCPA in Count VII.[1]

Six months after the case was initially filed and five months after Defendant filed its Answer, Plaintiff filed a Notice of Acceptance of Defendant's Offer of Judgment [DE 25]. Plaintiff accepted two separate Offers of Judgment. The first Offer allowed judgment against Defendant for $1,001.00, plus reasonable attorneys' fees and costs pertaining to the FDCPA claims in Counts I and II, while the second Offer allowed judgment against Defendant for an additional $1,001.00, plus reasonable attorneys' fees and costs pertaining to the FCCPA claims in Counts III and IV, plus "equitable relief with respect to the FCCPA claims in Count VII of the Complaint." ¶ 6 [DE 25-2]. The present dispute between the parties concerns this final clause regarding the scope of equitable relief to be included in the final judgment. Both sides agree that if the FDCPA and FCCPA claims are resolved, that the Court lacks subject matter jurisdiction to hear the remaining TCPA claims, which would be dismissed and potentially refiled in state court.

## II.  DISCUSSION

In its proposed Final Judgment, Plaintiff seeks to include factual findings to support the "equitable relief" she believes was included in the FCCPA Offer of Judgment. Defendant opposes this relief. Defendant argues that the Offer is expressly "limited to Plaintiff and this matter and is not applicable to any other plaintiff(s) in any other pending or subsequent litigation involving [Defendant]." Defendant's Rule 68 Offer of Judgment

---

[1] There is no Count VI in the Complaint.

as to Counts III, IV and VII (in part) at ¶ 3 [DE 25-2].  Defendant's proposed Final Judgment includes language that limits the declaratory and injunctive relief to Defendant's practices with regard to Plaintiff's account.

Plaintiff supports her argument to include factual findings in the Court's judgment because the inclusion of "equitable relief" as allowed in the Offer should equal what Plaintiff sought in her Complaint in Counts III and IV (FCCPA claims).  In Plaintiff's Complaint, she made allegations regarding Defendant's collection methods, including "the use of an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Plaintiff's cellular telephone to which Plaintiff had not consented." Plaintiff argues that Rule 65 requires the Court to make findings to support the entry of injunctive relief.   Plaintiff further asserts that to the extent the scope of the term "equitable" relief is ambiguous, it must be construed against the drafter of the offer. Moore v. Hecker, 250 F.R.D. 682, 684 (S.D. Fla. 2008) (citing Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-Op, Inc., 298 F.3d 1238, 12434-44 (11th Cir. 2002) and Johnson v. University College of the University of Alabama in Birmingham, 706 F.2d 1205, 1209 (11th Cir. 1983)).

Defendant argues that the terms of the Offers are not ambiguous and that Plaintiff is merely seeking to include factual findings to facilitate her success in any subsequent TCPA litigation in state court.[2]  Defendant responds to the Rule 65 argument by noting

---

[2]  Defendant points out that Plaintiff has had other federal actions against other creditors related to the same theories, and in at least one other action her TCPA claim failed on its merits.

3

that Rule 65(d)(1) only requires the Court to provide a "reason" why the injunction was issued and not factual findings.

Turning first to the issue of whether the Offer is ambiguous, the scope of the term "equitable relief" is not explained in the Offer.  However, by giving full consideration and effect to the entire Offer, it is clear that Plaintiff's proposed judgment goes too far in the issuance of factual findings that go beyond the FCCPA claims being resolved. Defendant is correct that Paragraph 3 of the Offer specifically limits any relief "to Plaintiff and this matter," while Paragraph 4 limits the relief to the FCCPA claims.[3]

As for arguments regarding Rule 65(d)(1), Defendant is correct that the Court need only state a "reason" why the injunction is being issued.  That reason need only be the parties' consent through the Rule 68 Offer of Judgment procedure.  <u>Mattel, Inc. v. 99 Cents Only Stores</u>, 81 Fed. Appx. 94, 96, 2003 WL 22682441 (9th Cir. 2003).  However, Rule 65(d)(1)(C) requires the Court to describe in reasonable detail the act or acts restrained or required, something that Defendant's proposed final judgment lacks.

### III.  CONCLUSION

The Court concludes that Defendant is correct that Plaintiff's proposed final judgment includes provisions that go beyond the scope of the Offers of Judgment.  While the Court will utilize Defendant's proposed judgment, the Court will add a footnote that describes the scope of the injunction as taken from Plaintiff's complaint, though these

---

[3]  The use of automated or prerecorded telephone calls to a cellular telephone without the user's permission is governed by the TCPA, while debt collection practices are governed by the FDCPA and FCCPA.

prohibited acts are limited to debt collection practices as to Plaintiff and shall not constitute or be construed as an adjudication of any factual or legal issue with respect to Plaintiff's claims under the TCPA or Defendant's defenses thereto.  The Court will dismiss the TCPA claims without prejudice for lack of jurisdiction.

Finally, as to Defendant's statement that it will oppose any attempt by Plaintiff to recover attorney's fees incurred in connection with her present motion, due to Defendant's belief that the Plaintiff was seeking to gain an advantage in subsequent litigation, the Court notes that Plaintiff's arguments regarding the scope of the term "equitable relief" are not frivolous in the Rule 68 context.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Final Judgment [DE 26] is hereby **GRANTED in part** and **DENIED in part** as explained above.  The Court will separately enter judgment in this case.

It is **FURTHERED ORDERED AND ADJUDGED** that Plaintiff's TCPA claims are hereby **DISMISSED, without prejudice**.

**DONE AND ORDERED** in chambers in Fort Lauderdale, Broward County, Florida this 12th day of February, 2010.

_____
JAMES I. COHN
United States District Judge

Copies furnished:
All Counsel of Record