UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-60813-Civ-Cohn/Seltzer

SARAH M. POLLOCK,

    Plaintiff,

v.

SYNDICATED OFFICE SYSTEMS, INC.,
d/b/a CENTRAL FINANCIAL CONTROL,

    Defendant.
_____/

## ORDER GRANTING IN PART VERIFIED MOTION FOR AWARD OF COSTS AND ATTORNEY'S FEES

**THIS CAUSE** is before the Court upon Plaintiff's Verified Motion for Award of Costs and Attorney's Fees [DE 40]. The Court has carefully considered Defendant's Response [DE 48], Plaintiff's Reply thereto [DE 51], as well as all exhibits to these filings. The motion became ripe on July 26, 2010.

### I.  BACKGROUND

Plaintiff Sarah Pollock ("Plaintiff") filed a six count complaint against Defendant Syndicated Office Systems, Inc. ("Defendant") alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA") in Counts I and II, violations of the Florida Consumer Collection Practices Act ("FCCPA") in Counts III and IV, violations of the Telephone Consumer Protection Act ("TCPA") in Count V, and sought declaratory and injunctive relief pursuant to both the FCCPA and TCPA in Count VII.[1]

---

[1] There is no Count VI in the Complaint.

Six months after the case was initially filed and five months after Defendant filed its Answer, Plaintiff filed a Notice of Acceptance of Defendant's Offer of Judgment [DE 25].  Plaintiff accepted two separate Offers of Judgment.  The first Offer allowed judgment against Defendant for $1,001.00, plus reasonable attorney's fees and costs pertaining to the FDCPA claims in Counts I and II, while the second Offer allowed judgment against Defendant for an additional $1,001.00, plus reasonable attorney's fees and costs pertaining to the FCCPA claims in Counts III and IV, plus "equitable relief with respect to the FCCPA claims in Count VII of the Complaint."  ¶ 6 [DE 25-2].  After resolving an issue regarding the scope of equitable relief to be included in the final judgment, the Court entered judgment for $2,002, while dismissing the remaining TCPA claims for lack of subject matter jurisdiction [DE 31].  The Court retained jurisdiction to hear the present motion for attorney's fees.

## II.  DISCUSSION

Plaintiff seeks $5,091.00 in attorney's fees for counsel Donald Yarbrough, based upon 16.97 hours worked at a rate of $300 per hour.[2]  Defendant makes several arguments against the amount of fees sought by Plaintiff's counsel.  First, Defendant argues that Plaintiff should not receive any fees incurred after service of the Offer of Judgment on November 30, 2009.  Second, Defendant argues that Plaintiff should not receive any fees incurred after her acceptance of the Offer on December 9, 2010.

---

[2]  The cost request of $380 and the hourly rate of $300 are not in dispute.

Third, Defendant contends that various entries totaling 3.19 hours spent prior to November 30 should not be counted, plus any hours spent on the TCPA claim.

The Eleventh Circuit Court of Appeals has adopted the lodestar approach in determining an award of attorney's fees.  Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1298–1302 (11th Cir. 1988).  To establish a lodestar amount, the court must ascertain the number of hours an attorney reasonably expended on the litigation and multiply that figure by a reasonable hourly rate.  Id. at 1302.  The party seeking fees "is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable."  Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996).

As to the reasonableness of hours expended by Plaintiff's counsel, a fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity."  Norman, 836 F.2d at 1303.  "[A] lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights."  Id. at 1301.  Thus, fee applicants must use "billing judgment."  Id.  In ascertaining the number of reasonable hours, a court must deduct "'excessive, redundant or otherwise unnecessary hours'" from those claimed.  Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

### A.  General Objections

Defendants assert that Plaintiff should not receive any fees incurred after service of the Offer of Judgment on November 30, 2009, or, in the alternative, Plaintiff should

not receive any fees incurred after her acceptance of the Offer on December 9, 2010. The Court agrees with Plaintiff that the litigation does not end upon the mere serving of an Offer of Judgment. Plaintiff must make an informed decision with counsel as to whether to accept such an offer. In addition, the litigation does not stop just because one side serves an Offer of Judgment. In this case, while the Offer was outstanding, Defendant filed two motions to compel discovery [DE 21 and 24], and the Magistrate Judge expedited a response to the first motion [DE 22]. The Court agrees with Plaintiff that November 30, 2009, is not an appropriate cutoff point for attorney's fees.

Once an offer is accepted, however, the litigation should end. In this case, Plaintiff filed a Notice of Acceptance of Offer of Judgment on December 9, 2009 [DE 25]. Because there was some ambiguity regarding the scope of equitable relief, Plaintiff appropriately filed a motion for judgment on December 10, 2009 [DE 26]. Under the circumstances of this case, the Court concludes that December 10, 2009, is the appropriate cutoff date for Plaintiff's attorney's fees.[3] Therefore, 2.63 hours will be stricken from Plaintiff's fee request.

### B. Specific Objections

Plaintiff submitted detailed billing records reflecting 16.97 hours of time on this case for Attorney Yarbrough. See Exhibit 1 to Yabrough Affidavit [DE 41-1]. Mr.

---

[3] A total of 2.63 hours were billed after December 10, 2009 [DE 41-1]. Of these entries, 0.96 hours related to motions for extensions of time filed by Plaintiff. The remaining 1.67 related to Plaintiff's review of Defendant's memorandum in opposition to Plaintiff's Motion for Judgment and the Court's Order granting in part Plaintiff's Motion. Plaintiff did not file a reply memorandum in support of her motion.

Yarbrough avers that he exercised billing judgment in excluding 4.33 hours spent on the TCPA claims for which attorney fees are not compensable.  Yarbrough Affidavit, ¶ 8 [DE 41].  The Court has carefully reviewed the billing entries and the detailed objections put forth by Defendant.  These objections include ten entries totaling 1.14 hours related to motions for extension of time.  The Court has already excluded 0.96 of this subgroup by the imposition of a December 10, 2009 cutoff.  The remaining 0.18 hours are reasonable.

Defendant next objects to 1.92 hours for counsel's review of Defendant's production of Plaintiff's account notes.  Defendant asserts that these notes were only provided for Plaintiff to review in conjunction with the TCPA claim.  The Court agrees with Plaintiff that these account notes also are relevant to the claims under the FDCPA and FCCPA.  Thus, these billing entries are reasonable.

Defendant objects to 0.66 hours sought for preparation of Plaintiff's Rule 26 disclosures and request for production of documents because Plaintiff uses the same forms in his extensive practice in this area of litigation.  Fox v. The Marquis Corp., 2010 WL 1010871, at *5-6 (S.D. Fla. Mar. 15, 2010).  Defendant also argues that any time spent on the TCPA portion must be stricken.  The Court agrees with Defendant regarding the billing of time for use of forms, but rather than strike the entire time, the Court will reduce the time to 0.5 hours.  Counsel still must change names and dates and review the final product.  As to the TCPA argument, the Court accepts Plaintiff's explanation of his use of billing judgment.  Many of the facts underpinning all the claims are interrelated.  Thus, the time Attorney Yarbrough worked on this case would have been done even without the presence of a TCPA claim.

Defendant next objects to 0.25 hours for reviewing and calendaring the dates in the Court's scheduling order, asserting that such a task is secretarial and not recoverable on a motion for attorney's fees. This Court agrees and will strike this entry.

Finally, Defendant objects to 0.18 hours related to the review of filings concerning the withdrawal of Defendant's co-counsel Marla Grant, as this action had no bearing on the FDCPA and FCCPA claims. Given the small amount of time for these entries (10 minutes), and counsel's need to know who are his opposing counsel, the Court will not strike these entries.

### III. CONCLUSION

The Court concludes that a reasonable lodestar for Attorney Yarbrough is 13.93 hours at $300.00 per hour for a total fee award of $4,179.00. The stricken hours include 2.63 for time spent after filing of the Notice of Acceptance of Offer, 0.16 for excessive time spent on form preparation of Plaintiff's initial disclosures and document request, and 0.25 for secretarial tasks.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Verified Motion for Award of Costs and Attorney Fees [DE 40] is hereby **GRANTED in part** and **DENIED in part** as explained above;

2. The Court will separately enter judgment in this case.

**DONE AND ORDERED** in chambers in Fort Lauderdale, Broward County, Florida this 19th day of August, 2010.

_JAMES I. COHN_
United States District Judge

Copies furnished:
Counsel of Record on CM/ECF